1

2

3

4                       UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7   MASSACHUSETTS MUTUAL LIFE              Case No.  16-cv-03679-EMC

8   INSURANCE COMPANY,

                                           **ORDER GRANTING DEFENDANTS'**
9              Plaintiff,                   **MOTION TO DISMISS**

10         v.                              Docket No. 16

11  LISA CHANG, et al.,

12             Defendants.

13

14         Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual") initiated this

15  complaint for declaratory and equitable relief on June 30, 2016.  MassMutual sued two

16  defendants: (1) Lisa Chang, who previously obtained an insurance policy from MassMutual and is

17  currently incompetent to sue or to defend, and (2) Carol Chang, Lisa Chang's sister and

18  conservator.  Currently pending before the Court is the Changs' motion to dismiss for lack of

19  diversity jurisdiction.  In the alternative, the Changs ask the Court to dismiss or stay this action in

20  deference to a parallel state proceeding that they filed after MassMutual filed the instant action.

21  Having considered the parties' briefs and accompanying submissions, as well as the oral argument

22  of counsel, the Court hereby **GRANTS** the Changs' motion.  Assuming there is diversity

23  jurisdiction, the Court exercises its discretion to dismiss in deference to the parallel state

24  proceeding.

25                    **I.    FACTUAL & PROCEDURAL BACKGROUND**

26         In its complaint, MassMutual alleges as follows.  In or about August 2003 (apparently

27  when Lisa Chang was 36 years old, *see* C. Chang Decl. ¶ 2), MassMutual issued to Lisa Chang a

28  long-term care insurance policy.  *See* Compl. ¶ 5.  More than a decade later, in 2015, Lisa Chang

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1  was hospitalized and confined to a long-term care facility.[1]  *See* Compl. ¶ 7.  Lisa Chang made a

2  claim under the policy for her expenses incurred at the facility.  MassMutual has received the

3  claim and is investigating it; MassMutual has not denied the claim as of yet.  *See* Compl. ¶ 7.

4  MassMutual "has been paying a portion of the expenses presented under the claim by [Lisa]

5  CHANG, as they have been presented by CHANG, under a reservation of rights."  Compl. ¶ 7.

6         According to MassMutual, the insurance policy is invalid because, when applying for the

7  policy back in 2003, Lisa Chang "knowingly and intentionally concealed and/or misrepresented

8  material facts" about "her relevant medical history, including but not limited to, her history of

9  psychiatric treatment and/or disorders, including but not limited to the onset of and treatment for

10  schizophrenic spectrum illness."  Compl. ¶ 20; *see also* Compl. ¶ 17 (alleging that, starting in her

11  early twenties, Lisa Chang "manifested symptoms of non-trivial and persistent psychiatric

12  illnesses including schizophrenic spectrum illness . . . and had been treated and hospitalized

13  thereafter in connection with those illnesses, and had been told of and was aware of her diagnosis

14  with such illness or illnesses").

15         In support of its claim that there is diversity jurisdiction in the instant case, MassMutual

16  alleges as follows in its complaint:

17         More than seventy-five thousand dollars ($75,000.00), exclusive of
            interest and costs, is at issue between the parties.  The Policy
18         provides for an initial daily benefit of $100 for facility confinement
            (approximately $3,000 per month), as well as for additional benefits.
19         Pursuant to that initial benefit schedule, [MassMutual] paid for
            [Lisa] CHANG's care for the period May 2015 through September
20         2015[,] an amount exceeding $19,750.[2]  Under the terms of the
            Policy, including the inflation protection rider therein, CHANG is
21         now entitled to a daily benefit of $179.59 for facility confinement
            (approximately $5,400 per month).  [MassMutual] is informed and
22         believes that CHANG is confined to a facility and will be for the
            foreseeable future, and on that basis [MassMutual] has been paying

24  _____

    [1] Apparently, Lisa Chang was diagnosed with "substantial cognitive impairment and memory
25  loss."  Mot. at 3; *see also* C. Chang Decl. ¶ 4.

26  [2] In their motion, the Changs dispute the allegation that MassMutual has paid $19,750.  According
    to the Changs, "MassMutual has only paid $8,806.59 in benefits," plus a premium refund check in
27  the amount of $919.49.  Mot. at 2 n.2, 4; *see also* C. Chang Decl. ¶ 8 & Exs. B-C (checks).  But
    for purposes of the motion, that dispute does not matter.  The Changs also note that, for the period
28  October 2015 through June 2016, they are seeking from MassMutual payment for expenses of
    $27,910.  *See* Mot. at 4; C. Chang Decl. ¶ 9.

CHANG's facility confinement expenses benefit as the expenses are presented, under a reservation of rights.  The total maximum benefit amount payable under the Policy is "Unlimited" during the life of the Insured [*i.e.*, Lisa Chang].  At the current and anticipated rate of expenses for CHANG, more than $75,000.00 will have been paid by [MassMutual] within less than one (1) year after this complaint is filed.

Compl. ¶ 12.

Several months after MassMutual initiated this lawsuit, *i.e.*, on September 6, 2016, the Changs filed their own action for relief, but in state court.[3]  *See* C. Chang Decl., Ex. F (state court complaint for breach of contract and bad faith).

## II.   DISCUSSION

A.   Subject Matter Jurisdiction

In their motion to dismiss, the Changs argue first that subject matter jurisdiction is lacking in the instant case.  A defendant may move to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Where a jurisdictional attack is made, it may be facial or factual; in the former circumstance, all of the factual allegations in the complaint are taken as true.  *See Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014).

Here, the Changs are effectively making a facial attack.  According to the Changs, although MassMutual argues that the amount-in-controversy requirement of diversity jurisdiction has been met, it has not: MassMutual "relies upon the amount of presumed *future benefits* potentially owed under the Policy" but future benefits cannot be counted as a matter of law.  Mot. at 2 (emphasis in original).

In support of their position, the Changs rely on *Commercial Casualty Insurance Co. v. Fowles*, 154 F.2d 884 (9th Cir. 1946), and its progeny.  The law has evolved since *Fowles*.  As explained in *Albino v. Standard Insurance Co.*, 349 F. Supp. 2d 1334 (C.D. Cal. 2004):

Federal case law considering whether or not future benefits can be considered in the jurisdictional calculation . . . suggest[s] that whether future benefits can be considered *depends on the nature of the case*.  On this issue, cases are divided into two main groups: (1)

_____

[3] In its opposition brief, MassMutual argues that the Changs filed the state court action in the wrong venue.  *See* Opp'n at 9-10.  However, this issue is irrelevant to the pending motion.  The propriety of venue is for the state court to decide, not this Court.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

cases where the controversy is the *extent of coverage*; and (2) cases where the *very validity of the insurance contract* is challenged. Joseph Edwards, Annotation, Determination of Requisite Amount in Controversy in Diversity Action in Federal District Court Involving Liability Under, or Validity of, Disability Insurance, 11 A.L.R. Fed. 120, §2 n.6 (2004) (citing *Jefferson v. Liverpool & London & Globe Ins. Co.*, 167 F. Supp. 389, 391-92 (S.D. Cal. 1958)).

In the first group of cases, courts have generally held that potential future benefits cannot be considered in calculating the amount in controversy. *Id.* at §4; *see e.g. New York Life Ins. Co. v. Viglas*, 297 U.S. 672, 80 L. Ed. 971, 56 S. Ct. 615 (1936); *Beaman v. Pacific Mut. Life Ins. Co.*, 369 F.2d 653, 655 (4th Cir. 1966) (stating "the decided cases in the Supreme Court of the United States and in this and other circuits are clear that in an insurance disability dispute], the measure of recovery and, hence, the amount in controversy, is only the aggregate value of past benefits allegedly wrongly withheld."); *Commercial Cas. Ins. Co. v. Fowles*, 154 F.2d 884, 886 (9th Cir. 1946) (holding that "no right to such future benefits' existed at the time the action was commenced . . . [and therefore [it could not be included in the amount in controversy].”); *see also Sanchez*, 102 F.3d at 405-06 (holding that the amount in controversy requirement cannot be fulfilled by the mere possibility of recovery above the jurisdictional amount).

In contrast, the second group of cases, where the validity of the contract is at issue, the aggregate of future benefits can be considered. Joseph Edwards, Annotation, *supra*, at §3; *see e.g. New York Life Ins. Co. v Kaufman*, 78 F.2d 398 (9th Cir. 1935) *cert. den.* 296 U.S. 626, 80 L. Ed. 445, 56 S. Ct. 149 (1935) (finding that disability benefits which had not yet accrued when the suit was filed could be included in the amount in controversy calculation).

*Id.* at 1339 (emphasis added); *see also Mass. Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416-17 (6th Cir. 1996) (stating that "'future potential benefits may not be taken into consideration in the computation of the amount in controversy in diversity actions in Federal District Courts involving disability insurance where the controversy concerns merely the extent of the insurer's obligation with respect to disability benefits and not the validity of the policy'").

While some cases do not explicitly address the reasoning behind this distinction, several courts have indicated that future benefits may be considered where the validity of the contract is at issue because that necessarily puts the entire contract at issue. *See, e.g.*, *Hawkins v. Aid Ass'n for Lutherans*, 338 F.3d 801, 805 (7th Cir. 2003) ("[W]hen the validity of a policy (as opposed to the insurer's obligation to pay) is in dispute, the face value of that policy is a proper measure of the amount-in-controversy."); *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) ("[U]nder certain circumstances the policy limits will establish the amount in controversy.

Specifically, the policy limits are controlling 'in a declaratory action . . . as to the validity of the entire contract between the parties.'"); *White v. N. Am. Acc. Ins. Co.*, 316 F.2d 5, 6 (10th Cir. 1963) ("[T]his is not a case for declaration of non-liability for invalidity, justifying 'total damages for total breach' measured by the present value of the contract."); *Tompkins v. Std. Life Ins. Co.*, No. 5: 15-050-DCR, 2015 U.S. Dist. LEXIS 56517, at *10 (E.D. Ky. Apr. 30, 2015) ("Whether coverage is at issue due to false statements by the insured, problems with the disclosure forms provided, non-payment, or some other basis, the value of the consequences of the litigation is the face value of the policy.").

Ninth Circuit law appears to be in accord as evident in cases that both pre-date and post-date *Fowles*. *See New York Life Ins. Co. v Kaufman*, 78 F.2d 398, 399, 401 (9th Cir. 1935) (where insurance company sought cancellation of insurance policy on basis that insured had engaged in fraudulent concealment with respect to his prior health and medical history, noting that "the bill is not confined to the allegations of the amounts of disability installments and premiums matured at the time of its filing"; "[t]he object sought here is the extinction of contracts with the insured"); *Budget Rent-a-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (stating that "Budget's maximum liability under the Rental Agreement is relevant to determining the amount in controversy only if the validity of the entire insurance policy is at issue").

In the instant case, MassMutual is not simply contesting the extent of coverage but rather the validity of coverage – more specifically, based on "false statements by the insured." *Tompkins*, 2015 U.S. Dist. LEXIS 56517, at *10.  The nature of the dispute suggests the Court may consider future benefits as part of the amount in controversy; if so, the future benefits meet the amount-in-controversy requirement because the face value of the policy issued to Lisa Chang is limitless.[4]  *See* Compl., Ex. A (Benefit Schedule for insurance policy) (stating that the total maximum amount payable under the policy is "[u]nlimited").  While the Changs contend consideration of the entire policy value is not appropriate where both the validity of the policy and entitlement to future benefits is disputed, the cases have not so clearly held.

---

[4] Contrary to what the Changs argue, *see* Reply at 7, this *is* evidence of the value of the policy.

**United States District Court**
For the Northern District of California

In any event, the Court concludes that, even if there is subject matter jurisdiction, dismissal is warranted.

B.   <u>Alternative Request to Dismiss or Stay</u>

The Changs assert that, even if there is subject matter jurisdiction, the Court should still dismiss or stay the instant case because of a pending parallel state court action.  That state court action was filed by the Changs approximately two months after the instant action was filed.  *See* C. Chang Decl., Ex. F (state court complaint).  In the state court case, the Changs sue not only MassMutual (for breach of contract and bad faith ) but also the Commissioner of the California Department of Insurance (writ of mandamus).[5]  In essence, the Changs are invoking *Brillhart* abstention as a basis for their motion to dismiss or stay.

"[T]he decision whether to exercise jurisdiction over a declaratory action lies in the sound discretion of the court."  *Huth v. Hartford Ins. Co.*, 298 F.3d 800, 803 (9th Cir. 2002).   "In *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (194), the Supreme Court identified several factors that a district court should consider when determining whether to exercise jurisdiction over a declaratory judgment action."  *Regelson-Blanck*, 2004 WL 2403841, at *3.   For example, "[a] district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation.  These factors, however, are not necessarily exhaustive."  *Huth*, 298 F.3d at 803.

In the exercise of its discretion, the Court declines to exercise jurisdiction over

---

[5] Paragraphs 41 and 42 of the state court complaint contain the major allegations against the Commissioner.  *See* C. Chang Decl., Ex. F (Compl. ¶ 41) ("On information and belief, Plaintiff alleges that the COMMISSIONER and the DOI failed to review the Policy and/or the policy forms comprising the Policy under which Plaintiff was insured.  The COMMISSIONER and DOI thus failed to review the Policy to determine whether the Policy complies with the requirements of the Insurance Code.  Rather than actually reviewing the policy forms, the COMMISSIONER and DOI allowed insurers including MassMutual to sell long-term care policies after mere submission of policy forms and payment of a filing fee, without any actual review and approval of the policy forms."); C. Chang Decl., Ex. F (Compl. ¶ 42) ("In the alternative, Plaintiff alleges on information and belief that if the Commissioner and DOI reviewed and approved the policy forms comprising the Policy under which Plaintiff was insured, their approval of such forms violated their mandatory duties under California law . . . .  The forms failed to contain mandatory minimum requirements of the Insurance Code.").  In terms of relief, the Changs ask for a writ mandating that the Commissioner perform the duties imposed by law – *e.g.*, review the MassMutual policy to determine compliance with the California Insurance Code and withdraw approval of the policy if it violates state law.

United States District Court

For the Northern District of California

MassMutual's declaratory action.  The instant action concerns a state law issue only, and thus there is no compelling federal interest here; moreover, the parallel state proceeding initiated by the Changs will inevitably cover the same state law at issue here – whether the policy is valid as against allegations of concealment by Lisa Chang.  *See Md. Cas. Co. v. Witherspoon*, 993 F. Supp. 2d 1178, 1183 (C.D. Cal. 2014) (stating that "[a] 'needless determination of state law' may involve an ongoing parallel state proceeding regarding the 'precise state law issue,' an area of law Congress expressly reserved to the states, or a lawsuit with no compelling federal interest (e.g., a diversity action)"); *see also Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991) (noting that "[t]he precise state law issues at stake in the present case are the subject of a parallel proceeding in state court" and that, "[i]n the federal case, a diversity action, California law provides the rule of decision for all of the substantive questions"; adding that "this case involves insurance law, an area that Congress has expressly left to the states"); *State Farm Mut. Auto. Ins. Co. v. Marentes*, No. 15-CV-02289-LHK, 2015 U.S. Dist. LEXIS 152834, at *14 (N.D. Cal. Nov. 10, 2015) (noting that "many district courts within the Ninth Circuit have remanded or dismissed cases where, as here, an insurer brings an action in federal court solely to obtain declaratory relief over what is essentially a dispute over state law").  Furthermore, because of the state court proceeding, this federal lawsuit is duplicative:  the instant case presents no issue which will not be at issue in the state court suit.  *See Allstate Life Ins. Co. v. Sundboll*, No. C-95-1022 SI, 1995 U.S. Dist. LEXIS 14247, at *11 (N.D. Cal. Sep. 15, 1995) (stating that there is duplicative litigation where "there are both federal and state actions pending, seeking to resolve exactly the same issues of California insurance law").

To be sure, there is no obvious evidence of forum shopping by MassMutual. MassMutual's initiation of this lawsuit was not reactive.  MassMutual filed this case *before* the Changs filed their state action.  Moreover, MassMutual did not file this case until approximately three months *after* it informed the Changs that it would be providing some benefits but under a reservation of rights.  *See* C. Chang Decl., Ex. A (letter, dated April 1, 2016) (stating reservation of rights and noting that "[t]he review of your Long Term Care claim is ongoing"; adding that, if the "ongoing review result[s] in the determination that [Lisa] Chang did not meet the eligibility

United States District Court
For the Northern District of California

1    requirements of the Policy or that the Policy is contestable," MassMutual could request

2    reimbursement of benefits paid and premiums waived).  Nothing in the record indicates that

3    MassMutual thought, before it filed suit, that the Changs might file suit in state court – and

4    certainly not a *nonremovable* state court action.[6]  Nonetheless, dismissing the instant case will

5    further the policy identified in *Brillhart* of discouraging forum shopping by filing a federal suit

6    seeking declaratory relief solely as a state law issue, particularly where there is no other reason or

7    basis to be in federal court.  *Cf. Gov't Emples. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir.

8    1998) (stating that, "when other claims are joined with an action for declaratory relief (e.g., bad

9    faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief),

10   the district court should not, as a general rule, remand or decline to entertain the claim for

11   declaratory relief").

12          Accordingly, the *Brillhart* factors weigh in favor of a dismissal or stay.  The Court

13   concludes that relief in favor of the Changs is proper.  *See Robsac*, 947 F.3d at 1370-71 (stating

14   that, "when a state court action is pending presenting the same issue of state law as is presented in

15   a federal declaratory suit, 'there exists a presumption that the entire suit should be heard in state

16   court'").

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26

27   [6] As indicated above, the Changs filed suit in state court against not only MassMutual but also the
     California Commissioner of Insurance.  Because of the claim against the Commissioner, the state
28   action is not removable.  The Court is not convinced, however, that the Changs have, as
     MassMutual suggests, essentially fabricated the claim against the Commissioner.

8

### III.   CONCLUSION

For the foregoing reasons, the Court grants the Changs' alternative request for a dismissal based on the parallel state proceeding.  The dismissal is without prejudice.

The Clerk of the Court is instructed to enter judgment in accordance with this opinion and close the file in this case.

This order disposes of Docket No. 16.


**IT IS SO ORDERED**.


Dated: November 16, 2016

_____
EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California

9